**LAW OFFICES OF ROBERT V. CORNISH, JR., PC**
Keren E. Gesund (SBN 253242)
680 South Cache Street, Suite 100, P.O. Box 12200
Jackson, WY 83001
Tel: (702) 300-1180
Email: keren@rcornishlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE AND JOHN DOE, a married couple, <br><br> Plaintiff, <br><br> v. <br><br> STANFORD FEDERAL CREDIT UNION; EVERBANK, N.A.; COMMUNITY FEDERAL SAVINGS BANK; CHOICE FINANCIAL GROUP; THE CURRENCY CLOUD INC; TRANSWAP TECHNOLOGIES (UK) LTD; MERCURY ADVISORY LLC; WEALTH TUTOR INSTITUTE; BEACH FOCUSYR INC.; TENGFEI YANG; VISIONARY SOLUTIONS HOLDINGS LTD; HIU FUNG LUI; LUMINA SOLUTIONS HOLDINGS LTD; LOK HIM LO; NOVAVENTURE STONE LTD; and JIANHAO LI, <br><br> Defendants. | Case No. 5:25-cv-07241-VKD <br><br> **MOTION TO FILE UNDER PSEUDONYM** <br><br> **FILED UNDER SEAL** |

Plaintiffs Jane and John Doe ("Plaintiffs"), by and through undersigned counsel of record, hereby respectfully request leave to proceed using a pseudonym as follows:

**I.     INTRODUCTION**

Plaintiffs are a married couple residing in San Jose, California. Plaintiffs, victims of a pig-butchering scheme, wired approximately $600,000 between July 30, 2024 and August 2, 2024 to a group of scammers called Wealth Tutor Institute ("WTI"). WTI purportedly sought to recruit participants to use their AI 4.0 stock trading platform by providing participants with a free $500

to beta test the tool. After successfully using the platform, Plaintiffs were directed to wire approximately $600,000 to various vendors that were to convert Plaintiffs' cash to Tether for use on the WTI platform. Unfortunately, the vendors were involved in the WTI scheme. Plaintiffs learned of the scam and immediately requested return of their funds. Most of the funds have not been returned. Plaintiffs now seek to sue the scammers, the scammer's banks and their own banks for violations of the: Fair Credit Billing Act, Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5, Sections 4b, 6(c)(1), and 13(b) of the Commodity Exchange Act, aiding and abetting violation of Sections 4b and 6(c)(1) of the Commodity Exchange Act, Fraud, aiding and abetting fraud, conversion/aiding and abetting conversion, civil conspiracy, negligence, breach of contract, unjust enrichment, and California Business and Professions Code § 17200 et seq.

Plaintiffs seek leave to pursue their claims under a pseudonym to remain hidden from Mrs. Doe's stalker.

## II.   LAW AND ARGUMENT

The Ninth Circuit allow parties to use pseudonyms in the "unusual case" when nondisclosure of the party's identity "is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067-1068 (9th Cir. 2000) (internal quotations and citations omitted). Courts allow pseudonymity in three specific circumstances: (1) when identification creates a risk of retaliatory physical or mental harm, (2) when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature," and (3) when the anonymous party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id*. at 1068.

A party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Id*. The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. *Id*. Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. *Id*.

The balance between a party's need for anonymity and the interests weighing in favor of

open judicial proceedings may change as the litigation progresses. *Id*. at 1069.  In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, see Fed. R. Civ. P. 16(b), and to issue protective orders limiting disclosure of the party's name, see Fed. R. Civ. P. 26(c), to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case. *Id*. It may never be necessary, however, to disclose the anonymous parties' identities to nonparties to the suit. *Id*.



III.  **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully seek leave to proceed using a pseudonym.

| | |
|---|---|
| Dated: September 2, 2025 | Respectfully Submitted,<br>**LAW OFFICES OF ROBERT V. CORNISH, JR., P.C.**<br><br>*/s/ Keren E. Gesund*<br>KEREN E. GESUND<br><br>*Attorneys for Plaintiff* |