1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8    JOHN DOE, et al.,                         Case No.  25-cv-07241-VKD

9                    Plaintiffs,

10         v.                                   **ORDER GRANTING PLAINTIFFS'**
                                               **MOTION TO FILE UNDER**
                                               **PSEUDONYM**

11    STANFORD FEDERAL CREDIT UNION,
      et al.,                                   Re: Dkt. No. 4-3

12                    Defendants.

13

14          Plaintiffs Jane and John Doe bring this lawsuit, alleging certain banks and individuals

15    conspired to defraud plaintiffs of their money through a cryptocurrency trading platform.  Dkt. No.

16    1.  The complaint asserts claims for fraud, conversion, civil conspiracy, negligence, breach of

17    contract, unjust enrichment, and aiding and abetting, and violations of the Fair Credit Billing Act;

18    Sections 10(b) and 20(a) of the Securities Exchange Act of 1934; Securities Exchange

19    Commission Rule 10b-5; Sections 4b, 6(c)(1), and 13(b) of the Commodity Exchange Act; and the

20    California Business and Professions Code § 17200 *et seq.  Id.* ¶¶ 85-201.

21          Now pending before the Court is plaintiffs' motion to proceed pseudonymously.[1]  Dkt. No.

22    4-3.  Defendants Stanford Federal Credit Union; EverBank, N.A.; Community Federal Savings

23    Bank; Choice Financial Group; The Currency Cloud Inc.; TranSwap Technologies (UK) Ltd;

24    Mercury Advisory LLC; Wealth Tutor Institute; Beach Focusyr Inc.; Tengfei Yang; Visionary

25

26    _____

27    [1] Plaintiffs also filed an administrative motion to file under seal concurrently with their motion to
      proceed pseudonymously.  Dkt. No. 4.  The Court grants plaintiffs' motion to file under seal and
      orders plaintiffs to file a public, redacted version of their motion to proceed pseudonymously on
28    the docket as required by the Local Rules of the Northern District of California.  *See* Civil L.R.
      79-5(e).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Solutions Holdings Limited; Hiu Fung Lui; Lumina Solutions Holdings, Ltd; Lok Him Lo;

2    Novaventure Stone Ltd; and Jianhao Li have not yet appeared in this matter. Pursuant to Local

3    Civil Rule 7-1(b), the Court finds that plaintiffs' motion is suitable for determination without oral

4    argument. The Court grants plaintiffs' motion for the reasons set forth below.

5         A defendant's due process right to confront an adversary and the public's right of access to

6    judicial proceedings require that, in most cases, individuals filing lawsuits do so in their own

7    names. *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Ests.*, 596 F.3d 1036, 1042-43 (9th Cir.

8    2010); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); *see also*

9    Fed. R. Civ. P. 10(a) (requiring that "[t]he title of the complaint must name all the parties").

10   However, in the "unusual case when nondisclosure of the party's identity is necessary . . . to

11   protect a person from harassment, injury, ridicule or personal embarrassment," parties may use

12   pseudonyms. *Advanced Textile Corp.*, 214 F.3d at 1067-68 (quotations and citation omitted). A

13   party may proceed anonymously when his or her "need for anonymity outweighs prejudice to the

14   opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. The Ninth

15   Circuit has identified three circumstances where this may be the case: "(1) when identification

16   creates a risk of retaliatory physical or mental harm"; "(2) when anonymity is necessary to

17   preserve privacy in a matter of sensitive and highly personal nature"; and "(3) when the

18   anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby

19   risking criminal prosecution." *Id.* (cleaned up). District courts have broad discretion to determine

20   whether a plaintiff may proceed anonymously. *See id.*; *Kamehameha Schools*, 596 F.3d at 1045-

21   46.

22        On the present record, permitting plaintiffs to proceed anonymous is warranted to "protect

23   a person from harassment, injury, ridicule, or personal embarrassment." *Advanced Textile*, 214

24   F.3d at 1068. According to the motion, Ms. Doe faces an ongoing threat from a stalker who has

25   pursued her for years despite a restraining order. Dkt. No. 4-3 at 3. Ms. Doe provides plausible

26   support for her assertions that she lives in constant fear for her safety and that of her family. *Id.*

27   Ms. Doe expresses concern that a public court filing, which could be reported in public news

28   outlets, would further expose her to the stalker, placing her and her family at grave risk. *Id.*

United States District Court
Northern District of California

1     Defendants have not yet appeared in this action.  At this stage of the litigation, defendants

2  would not appear to be prejudiced if plaintiffs are allowed to proceed pseudonymously.  At a later

3  point in the proceedings, it may be necessary to reveal plaintiffs' identities to defendants so they

4  can develop their case.  *See Advanced Textile Corp.*, 214 F.3d at 1072.  Defendants may later file a

5  motion to compel disclosure of plaintiffs' full names if they can make a good faith showing of

6  prejudice.  *See Doe v. Mt. Diablo Unified Sch. Dist.*, No. 18-cv-02589-JSC, 2018 WL 2317804, at

7  *2 (N.D. Cal. May 22, 2018); *Advanced Textile Corp.*, 214 F.3d at 1069 ("We recognize that the

8  balance between a party's need for anonymity and the interests weighing in favor of open judicial

9  proceedings may change as the litigation progresses.").  Permitting plaintiffs to proceed

10  pseudonymously would also not impede the public's interest in access to the substance of this

11  litigation, as there is no indication that plaintiffs' identities will bear on the resolution of the issues

12  in dispute.

13     In cases involving harassment, courts have concluded that plaintiffs' need for anonymity

14  outweighs any prejudice to the defendants and the public's interest in knowing the plaintiffs'

15  identities.  *See, e.g.*, *Balance Studio, Inc. v. Cybernet Ent., LLC*, 204 F. Supp. 3d 1098, 1102 (N.D.

16  Cal. 2016) (holding that plaintiff's interest in safeguarding her personal safety and wellbeing

17  outweighed the public's interest in knowing her identity where plaintiff had been the target of

18  stalkers); *Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 853-54 (N.D. Cal. 2023) (permitting

19  plaintiffs who received death threats to proceed pseudonymously); *Kamehameha Schools*, 596

20  F.3d at 1043 ("[P]hysical harm presents the paradigmatic case for allowing anonymity.").

21     Accordingly, the Court grants plaintiffs' motion to proceed pseudonymously, and they may

22  proceed using the pseudonymous designations "Jane Doe" and "John Doe."  As noted above,

23  defendants may later file a motion to compel disclosure of plaintiffs' full names.

24     **IT IS SO ORDERED.**

25  Dated: October 8, 2025

26

27  *Virginia K. DeMarchi*

28  Virginia K. DeMarchi
    United States Magistrate Judge

3