**LAW OFFICES OF ROBERT V. CORNISH, JR., PC**
Keren E. Gesund (SBN 253242)
680 South Cache Street, Suite 100, P.O. Box 12200
Jackson, WY 83001
Tel: (307) 264-0385
Email: keren@rcornishlaw.com

*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE AND JOHN DOE, a married couple, | Case No. 5:25-cv-07241-NW |
| Plaintiff, | **ADMINISTRATIVE MOTION BY PLAINTIFFS' COUNSEL TO WITHDRAW AS COUNSEL OF RECORD; DECLARATION OF KEREN E. GESUND** |
| v. | |
| STANFORD FEDERAL CREDIT UNION; EVERBANK, N.A.; COMMUNITY FEDERAL SAVINGS BANK; CHOICE FINANCIAL GROUP; THE CURRENCY CLOUD INC; TRANSWAP TECHNOLOGIES (UK) LTD; MERCURY ADVISORY LLC; WEALTH TUTOR INSTITUTE; BEACH FOCUSYR INC.; TENGFEI YANG; VISIONARY SOLUTIONS HOLDINGS LTD; HIU FUNG LUI; LUMINA SOLUTIONS HOLDINGS LTD; LOK HIM LO; NOVAVENTURE STONE LTD; and JIANHAO LI, | |
| Defendants. | Action Filed: August 27, 2025 |

## I.  INTRODUCTION

The Law Offices of Robert V. Cornish, Jr., PC and Keren E. Gesund (collectively, "Moving Counsel") respectfully seek leave of this Court to withdraw as counsel of record for Plaintiffs. Moving Counsel has provided Plaintiffs with reasonable advance notice of the requested withdrawal, has advised Plaintiffs of the need to obtain substitute counsel, and has taken reasonable steps to avoid foreseeable prejudice during the transition.

Withdrawal is warranted due to an irreconcilable breakdown in the attorney-client

relationship, rendering effective representation impossible. To the extent the Court requires additional details, Moving Counsel respectfully requests permission to provide further information *in camera* and/or under seal to preserve the confidentiality of attorney-client communications.

## II.   PROCEDURAL BACKGROUND

On August 27, 2025, Moving Counsel filed the instant Complaint. ECF No. 1. On November 12, 2025, Defendant Stanford Federal Credit Union ("Stanford FCU") filed a motion to dismiss. ECF No. 27. The case was reassigned to the Honorable Noel Wise on November 21, 2025 (ECF No. 41), and the hearing on Stanford FCU's motion was reset to February 18, 2026 (ECF No. 43). On November 24, 2025, Defendants Community Federal Savings Bank ("CFSB") and The Currency Cloud Inc. ("Currency Cloud") filed a joint motion to dismiss, with a hearing also set for February 18, 2026 at 9:00 am. ECF No. 47. On December 16, 2025, Moving Counsel provided Plaintiffs written notice of counsel's intent to seek withdrawal and advised Plaintiffs to find alternate counsel. See Decl. of Keren E. Gesund, ¶ 4.

On December 19, 2025, Moving Counsel sought an extension of time to oppose the Defendants' motions. Moving Counsel subsequently filed oppositions to Stanford FCU and CFSB/Currency Cloud's motions on December 19 and 22, respectively. ECF Nos. 54 and 55. On December 23, 2025, Defendants Choice Financial Group ("CFG") and Mercury Advisory LLC ("Mercury") filed a joint motion to dismiss, with Plaintiffs' response due January 6, 2026. ECF No. 59. There is no current scheduling order or trial date. See ECF No. 34.

## III.   LEGAL STANDARD

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). The decision to permit counsel to withdraw is within the sound discretion of the trial court, *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009), and is governed by the State Bar of California's standards of professional conduct, *In re Pers. Web Techs., LLC et al., Pat. Litig.*, No. 18-MD-02834, 2022 U.S. Dist. LEXIS 112223, 2022 WL 2290592, at *3 (N.D. Cal. June 24, 2022) (citation omitted).

California Rule of Professional Conduct 1.16(d) requires an attorney to take "reasonable

steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel" before withdrawing. Cal. R. Prof. Conduct 1.16(d). Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal might cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *In re Pers. Web Techs.*, 2022 U.S. Dist. LEXIS 112223, 2022 WL 2290592, at *3.

## IV.    ARGUMENT

Moving Counsel respectfully requests leave to withdraw as counsel of record for Plaintiffs. This case is in the beginning stages with no scheduling order in place or trial date. The next substantive deadline is Plaintiffs' opposition to CFG and Mercury's motion to dismiss, due January 6, 2026. ECF No. 59. All pending motions to dismiss are set for hearing on February 18, 2026, providing ample time for Plaintiffs to retain new counsel without disrupting the proceedings.

Good cause exists for Moving Counsel's withdrawal. There has been an irreconcilable breakdown in the attorney-client relationship that has made continued representation ineffective. See Gesund Decl. ¶ 2. Withdrawal will not prejudice Plaintiffs or Defendants. Moving Counsel provided Plaintiffs with written notice of counsel's intent to withdraw (on December 16, 2025), advised Plaintiffs to find alternate counsel, and served Plaintiffs with the instant motion. See Gesund Decl. ¶¶ 4, 6. Moving Counsel has also opposed two of the three pending motions to dismiss (ECF Nos. 54 and 55). Granting Moving Counsel's withdrawal will not harm the administration of justice. The breakdown in the relationship impedes Moving Counsel's ability to represent Plaintiffs effectively, and forcing continued representation could lead to inefficiencies and ethical issues. See Gesund Decl. ¶ 3.

## V.    CONCLUSION

Based on the foregoing, Moving Counsel's motion to withdraw should be granted.

Dated: December 30, 2025    **LAW OFFICES OF ROBERT V. CORNISH, JR., P.C.**

*/s/ Keren E. Gesund*
KEREN E. GESUND
*Attorneys for Plaintiffs*

# DECLARATION OF KEREN E. GESUND

I, Keren E. Gesund, hereby declare and state as follows:

1. I am an attorney with the Law Offices of Robert V. Cornish, Jr., PC, counsel for Plaintiffs. I have personal knowledge of the facts set forth herein and could competently and truthfully testify to them if called as a witness.

2. There has been an irreconcilable breakdown in the attorney-client relationship that has made continued representation ineffective.

3. The breakdown in the relationship impedes Moving Counsel's ability to represent Plaintiffs effectively, and forcing continued representation could lead to ethical violations.

4. On December 16, 2025, we notified Plaintiffs of our intent to withdraw from this matter and urged them to seek new counsel.

5. We have taken reasonable steps to avoid any prejudice to Plaintiffs, including opposing two of the three motions to dismiss.

6. A copy of this motion has been served on Plaintiffs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 30, 2025, at Metairie, Louisiana.

*/s/ Keren E. Gesund*
Keren E. Gesund