UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>STANFORD FEDERAL CREDIT UNION, et al.,<br><br>        Defendants. | Case No. 25-cv-07241-NW<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND ORDER TO SHOW CAUSE RE SERVICE**<br><br>Re: ECF Nos. 27, 47, 59 |

Before the Court are three separate motions to dismiss filed by five defendants, Stanford Federal Credit Union ("Stanford"), Community Federal Savings Bank ("Community Federal"), Choice Financial Group ("Choice Financial Group"), The Currency Cloud Inc. ("Currency Cloud") and Mercury Advisory LLC ("Mercury"). ECF Nos. 27, 47, and 59.[1] Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the motion to dismiss hearing scheduled for February 18, 2026, GRANTS the motions, and DISMISSES the complaint with partial leave to amend.

Because the hearing is vacated, Plaintiffs' administrative motions to continue the motion to dismiss hearing and appear remotely are DENIED as moot. ECF Nos. 78, 80. Similarly, Defendants' motion to appear remotely at the hearing is DENIED as moot. ECF No. 79.

---

[1] Other than the complaint, record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

## I. BACKGROUND

### A. Factual Background[2]

On August 27, 2025, Plaintiffs Jane and John Doe, proceeding anonymously, filed a complaint against sixteen defendants: Stanford; EverBank, N.A. ("EverBank");[3] Community Federal; Choice Financial; Currency Cloud; TranSwap Technologies (UK) Ltd ("TranSwap"); Mercury; Wealth Tutor Institute ("WTI"); Beach Focusyr Inc. ("Focusyr"); Tengfei Yang ("Yang"); Visionary Solutions Holdings Limited ("Visionary"); Hui Fung Lui ("Lui"); Lumina Solutions Holdings, Ltd ("Lumina"), Lok Him Lo ("Lo"); Novaventure Stone Ltd ("Novaventure"); and Jianhao Li ("Li") (collectively "Defendants").[4] The complaint asserts fifteen causes of action and requests punitive damages, all arising out of an alleged crypto-fraud scam.

Plaintiffs, a married couple, allege that they are victims of cryptocurrency fraud. Their story starts when Plaintiffs received a Facebook advertisement to join an investment school[5] run by Defendant WTI. After using the platform successfully, Plaintiffs were directed to wire approximately $600,000 over the course of just a few days to Defendants Focusyr, Visionary, Lumina, and Novaventure, as well as their respective owners Defendants Yang, Lui, Lo, and Li ("Wire Recipient Defendants").

According to the complaint, the Wire Recipient Defendants maintained bank accounts at Defendants Community Federal and Choice Financial. Defendant Community Federal transferred Plaintiffs' wired funds to Defendant Currency Cloud, who then transferred the funds to Defendant

---

[2] All allegations are taken from Plaintiffs' complaint and are assumed to be true for the purposes of this opinion.

[3] On November 13, 2025, Plaintiffs filed a notice voluntarily dismissing all claims against Defendant EverBank without prejudice. ECF No. 32.

[4] To date, only Defendants Stanford, Mercury, Currency Cloud, Choice Financial, Community Federal, and EverBank have been served. ECF Nos. 11, 12, 13, 14, 15, 16.

[5] According to the complaint, "the Washington State Department of Financial Institutions (DFI), Securities Division posted that it had received complaints about companies posing as educational institutions, such as 'Business Schools' or 'Wealth Institutes,' that lure investors through social media into cryptocurrency investment schemes." Compl. ¶ 17 n.4.

2

TranSwap. Defendant Choice Financial transferred Plaintiffs' wired funds to Defendant Mercury. Throughout their complaint, Plaintiffs refer to Defendants Community Federal, Choice Financial, Currency Cloud, TranSwap, and Mercury as the "Recipient Banking Defendants."

Upon learning of the crypto scam, Plaintiffs contacted their own banks, Defendants Stanford and EverBank, "to notify them of the fraud and recall the wires." Compl. ¶ 3, ECF No. 1. Plaintiffs also notified the Recipient Banking Defendants of the fraud and requested return of their funds.

The gravamen of Plaintiffs' complaint is that: (1) the Wire Recipient Defendants defrauded them; (2) the Recipient Banking Defendants failed to comply "with relevant know-your customer and anti-money laundering ('KYC/AML') laws when opening accounts" for the Wire Recipient Defendants; and (3) Defendants Stanford and EverBank failed to reasonably investigate Plaintiffs' fraud allegations. *Id.* ¶ 7.

### B.     Procedural Background

Plaintiffs' complaint asserts fifteen causes of action, but not every cause of action is asserted against every defendant. The complaint asserts the following causes of action:

- **Count I** – Violation of the Fair Credit Billing Act;
- **Count II** – Violation of Section 10(b) of the Securities Exchange Act of 1934 and Sec Rule 10b-5;
- **Count III** – Violation of Section 20(a) of the Exchange Act;
- **Count IV** – Violations of Section 10(b) and Rule 10b-5;
- **Count V** – Violation of Sections 4b and 6(c)(1) of the Community Exchange Act;
- **Count VI** – Violation of Section 13(b) of the Commodity Exchange Act;
- **Count VII** – Aiding and Abetting Violations of Sections 4b and 6(c)(1) of the Commodity Exchange Act;
- **Count VIII** – Fraud;
- **Count IX** – Aiding and Abetting Fraud;
- **Count X** – Conversion/Aiding and Abetting Conversion;

3

- **Count XI**[6] – Civil Conspiracy;
- **Count XII** – Negligence;
- **Count XIII** – Breach of Contract;
- **Count XIV** – Unjust Enrichment; and
- **Count XV** – California Business & Professions Code § 17200 et seq..

*See* Compl. A chart detailing which causes of action are asserted against specific defendants is attached at Appendix A.

On November 12, 2025, Defendant Stanford filed a motion to dismiss all the claims Plaintiffs alleged against Stanford it their complaint (Counts I, XIII, and XIV). ECF No. 27. Less than two weeks later, on November 24, 2025, Defendants Community Federal and Currency Cloud jointly filed their own motion to dismiss all claims against them (Counts IV, VII, IX, X, XII, XIV, and XV). ECF No. 47. Plaintiffs missed the deadline to file oppositions to both of the motions to dismiss, filing its opposition to Stanford's motion on December 22, 2025, *see* ECF No. 55, and its opposition to Community Federal and Currency Cloud's motion on December 19, 2025, *see* ECF No. 54. The Court issued an Order on December 30, 2025, that among other things admonished Plaintiffs to comply with deadlines, accepted Plaintiffs' late-filed oppositions to the two motions to dismiss, and set further deadlines. Defendants Stanford, Community Federal, and Currency Cloud timely filed their replies. ECF Nos. 64, 66.

On December 23, 2025, Defendants Choice Financial and Mercury also jointly filed a motion to dismiss all the claims against them (Counts IV, VII, IX, X, XII, XIV, and XV). ECF No. 59. Plaintiffs timely filed an opposition on January 6, 2025. ECF No. 65. Defendants Choice Financial and Mercury submitted a reply on January 13, 2025. ECF No. 66.

---

[6] For Counts X and XI, Plaintiffs do not identify specific defendants but list defendants by category. Count X is asserted against "the Scammers and Recipient Banking Defendants," which the Court understands to be Defendants Focusyr, Visionary, Lumina, Novaventure, Yang, Lui, Lo, and Li ("Scammers"), and Community Federal, Choice Financial, Currency Cloud, TranSwap, and Mercury ("Recipient Banking Defendants"). Compl. ¶ 2. Count XI is asserted against "the Scammer Defendants," which again the Court interprets to be Defendants Focusyr, Visionary, Lumina, Novaventure, Yang, Lui, Lo, and Li. *Id.*

4

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain at minimum "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8. The complaint must clearly establish the claims and parties such that a defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131–32 (9th Cir. 2008).

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[ ] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

## III. DISCUSSION

### A. Overarching Complaint Deficiencies

A successful complaint is clear as to which counts are brought against which Defendants, the elements of those counts, and how each of those Defendants meets those elements. Plaintiffs' complaint does not meet this standard. As currently drafted, Plaintiffs' complaint fails to make a "short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiffs never sufficiently identify *how* the specific Defendants violated the various laws underpinning Plaintiffs' claims.

Any amended complaint must allege with specificity how each Defendant acted, how those particular actions caused the alleged injuries, and the legal basis that gives rise to a remedy for

Plaintiffs' harm. The remedy requested must bear some relationship to Plaintiffs' injuries, and it should be clear why each specific Defendant is responsible for that remedy.

### B.     Specific Complaint Deficiencies

Defendants Stanford, Mercury, Currency Cloud, Choice Financial, and Community Federal move to dismiss various claims asserted against them. ECF Nos. 27, 47, 59. For the reasons stated, Counts I, IV, VII, IX, X, XII, XIII, and XV are DISMISSED with leave to amend. Count XIV is DISMISSED with leave to amend as to Defendant Stanford and without leave to amend as to all other Defendants.

#### 1.     Count I - Violation of the Fair Credit Billing Act

To start, in Count I of their complaint, Plaintiffs allege that Stanford violated "15 U.S.C. § 1666(g)." Compl. ¶ 88. As Stanford notes, no such statutory subsection exists. ECF No. 27 at 5-6. For this reason alone, Plaintiffs' complaint fails to state a claim.

Additionally, any claims Plaintiffs may have had under the Fair Credit Billing Act ("FCBA") appear to be time-barred. With a few exceptions relating to mortgages, claims under the FCBA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Here, Plaintiffs fail to properly allege the elements of a cause of action under the FCBA, or how Stanford satisfies those elements, making it impossible to discern not only the "violation," but when the violation allegedly occurred. Accordingly, Count I is DISMISSED with leave to amend.

#### 2.     Counts IV, VII, IX  - Claims Involving Alleged Fraud

"Allegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8(a)." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). Claims sounding in fraud or mistake, however, are subject to heightened pleading requirements of Rule 9(b), which require that a plaintiff claiming fraud "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Accordingly, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). To decide whether a complaint sounds in fraud, a court must "determine, after a close examination of the language and

structure of the complaint, whether the complaint alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim." *Rubke v. Capitol Bancorp Ltd*, 551 F.3d 1156, 1161 (9th Cir. 2009) (cleaned up).

Here, Plaintiffs' claims for violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5 (Count IV), aiding and abetting violation of Sections 4b and 6(c)(1) of the Commodity Exchange Act (Count VII), and aiding and abetting fraud (Count IX), all sound in fraud. Plaintiffs are therefore obligated to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

### a. Count IV - Violations of Section 10(b) and Rule 10b-5

"To plead a claim under [S]ection 10(b) and Rule 10b-5, the Plaintiff[ ] must allege: (1) a material misrepresentation or omission; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation." *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 613 (9th Cir. 2017) (quoting *Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 603 (9th Cir. 2014)). Plaintiffs' complaint fails to allege with particularity at least the first four elements: a material misrepresentation or omission by Defendants made with scienter on which Plaintiffs relied in connection with the purchase or sale of a security. Therefore, this claim, if brought as a primary violation under the law, is insufficient and is DISMISSED with leave to amend.

The Court notes that Plaintiffs do not have the right, as private individuals, to maintain an aiding and abetting suit under Section 10(b). *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 191 (1994). As currently drafted, Plaintiffs' complaint walks the line, tipping towards an attempt to bring an impermissible aiding and abetting claim with allegations that include how Defendants "provided substantial assistance to the fraudulent scheme" that "enabled the Scammers to perpetrate the scheme." Compl. ¶¶ 104, 108. These allegations do not detail how Defendants Mercury, Currency Cloud, Choice Financial, and Community Federal allegedly violated Section 10(b) and Rule 10b-5. Nonetheless, Plaintiffs are granted leave to amend their complaint to remedy this deficiency.

7

### b. Count VII - Aiding and Abetting Violations of Sections 4b and 6(c)(1) of the Commodity Exchange Act

"To plead an aiding and abetting claim, plaintiffs must allege that defendants '(1) had knowledge of the principal's intent to violate the CEA; (2) intended to further that violation; and (3) committed some act in furtherance of the principal's objective.'" *BMA LLC v. HDR Glob. Trading Ltd.*, No. 20-CV-03345-WHO, 2021 WL 4061698, at *13 (N.D. Cal. Sept. 7, 2021) (citing *In re Nat. Gas Commodity Litig.*, 337 F. Supp. 2d 498, 511 (S.D.N.Y. 2004)). Here, Plaintiffs' complaint fails to allege with particularity all four elements. Plaintiffs' argument that they "allege Defendants knew of the Scammers' CEA violations and committed affirmative acts supporting their scam by opening and maintaining the accounts used to transfer stolen funds and then routing the funds internationally" fall short. ECF No. 54 at 6. For one, Plaintiffs overlook the requirement that Defendants must have "intended to further [the] violation." *BMA LLC*, 2021 WL 4061698, at *13. For another, Plaintiffs fail to plead with particularity how Defendants allegedly knew of the scammer's intent to violate the CEA. For these reasons, this claim is DISMISSED with leave to amend.

### c. Count IX - Aiding and Abetting Fraud

"Under California law, banks generally owe no duty to non-customers like Plaintiffs." *Evans v. ZB, N.A.*, 779 F. App'x 443, 444 (9th Cir. 2019) (citing *Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138, 1149 (2005)). "However, California law recognizes an exception: when a bank knows a customer is perpetrating fraud, it may not assist the customer accomplish the tort." *Evans,* 779 F. App'x at 444 (citation omitted).

"In order to plead a claim for aiding and abetting fraud, [Plaintiffs] must plead facts that make it plausible that defendants either '(a) [knew] the other's conduct constitute[d] a breach of duty and [gave] substantial assistance or encouragement to the other to so act or (b) [gave] substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitute[d] a breach of duty to the third person.'" *Bradshaw v. SLM Corp.*, 652 F. App'x 593, 594 (9th Cir. 2016) (quoting *Casey*, 127 Cal. App. 4th at 1144). Here, Plaintiffs appear to be proceeding under the first avenue and attempting to allege that Defendants Mercury, Currency Cloud, Choice Financial, and Community Federal knew that the scammers

conduct constituted a breach of duty, and the Defendants gave substantial assistance to the scammers to accomplish the alleged fraud. Compl. ¶¶ 139-147. However, Plaintiffs fail to plead with particularly that Defendants, individually and specifically, knew of the alleged cryptocurrency scheme and gave substantial assistance to the scammers to accomplish that scheme. Instead, the complaint focuses on how Defendants collectively chose "to abstain from KYC/AML procedures prescribed [sic] in both the Bank Secrecy Act and intentional standards as set forth in the FATF that would have easily revealed the fraudulent nature of this enterprise." *Id.* ¶ 144. Choosing not to follow certain procedures and standards does not equate to particular knowledge of the scammers' alleged fraud in this case. Plaintiffs do allege that someone "flagged the Lumina and Novaventure accounts as fraudulent on August 2, 2024," but fail to identify who flagged these accounts and how that implicates any particular Defendant. *Id.* ¶ 145.

Plaintiffs also fail to allege that Defendants provided substantial assistance to the scammers. Plaintiffs' allegations that Defendants "disregard[ed] proper protocol in the opening and/or maintenance of the [s]cammer's [sic] accounts" and "permit[ed] the [s]cammer's [sic] account to remain open despite its lack of proof of any legitimate business" are insufficient. *Id.* ¶ 144. Pleading "[s]ubstantial assistance requires a significant and active, as well as a knowing participation in the wrong." *Chang v. Wells Fargo Bank, N.A.*, No. 19-CV-01973-HSG, 2020 WL 1694360, at *6 (N.D. Cal. Apr. 7, 2020) (citation omitted). Courts in California have held banks liable for aiding and abetting torts only in limited circumstances where the bank has "repeatedly ignored or even allowed suspicious banking activities, or altered bank practices for routine bank transactions in order to provide services to the tortfeasor." *Cotton v. Wells Fargo Bank N.A.*, No. SACV1001758CJCRNBX, 2011 WL 13227816, at *3 (C.D. Cal. Feb. 22, 2011) (citing cases). Plaintiffs' attenuated allegations of inaction, even when taken together with the whole of Plaintiffs' complaint, do not specify the "who, what, when, where, and how" of Defendants' alleged misconduct. Accordingly, this claim is DISMISSED with leave to amend.

### 3.  Count X - Conversion/Aiding and Abetting Conversion

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the

9

property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015). "To prove a cause of action for conversion, the plaintiff must show the defendant acted intentionally to wrongfully dispose of the property of another." *Duke v. Superior Ct.*, 18 Cal. App. 5th 490, 508 (2017).

Here, Plaintiffs' complaint is devoid of facts alleging that Defendants acted intentionally to wrongfully dispose of the property of another. The conclusory allegation that Defendants "refused to return Plaintiffs' funds" is insufficient. Compl. ¶ 152. Count X of Plaintiffs' complaint is DISMISSED with leave to amend.

### 4.   Count XII - Negligence

"The elements of a cause of action for negligence are well established. They are (a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. Cnty. of San Mateo*, 12 Cal. 4th 913, 917 (1996) (cleaned up). A legal duty is a "defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks." *McGarry v. Sax*, 158 Cal. App. 4th 983, 994 (2008). "[T]he existence of a duty is a question of law for the court." *Kentucky Fried Chicken of Cal., Inc. v. Superior Ct.*, 14 Cal. 4th 814, 819 (1997).

"[A]bsent extraordinary and specific facts, a bank does not owe a duty of care to a noncustomer." *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 479 (1996) (citations omitted); *see also Dodd v. Citizens Bank of Costa Mesa*, 222 Cal. App. 3d 1624, 1628 (1990) (holding that a bank does not owe a duty of care to a noncustomer absent a showing that the noncustomer was an alter ego of, or had personally guaranteed the debts of, the bank's customer). "Under California law, a bank owes no duty to nondepositors to investigate or disclose suspicious activities on the part of an account holder." *Casey*, 127 Cal. App. 4th at 1149; *see also QDOS, Inc. v. Signature Fin., LLC,* 17 Cal. App. 5th 990, 1000 n.3 (2017) (noting that "[i]n the absence of 'extraordinary and specific facts,' banks and merchants generally do not owe complete strangers to a transaction any duty to investigate the suspicious activities of the bank's or merchant's customers"). "Courts are more reluctant to recognize duties in this context because such duties run the risk of violating the bank's or merchant's customers' right to privacy and of

1  forcing the bank or merchant to act as the guarantor of their customers' transactions." *QDOS,*
2  *Inc.*, 17 Cal. App. 5th at 1000 n.3 (cleaned up).

3  Here, there is no dispute that Plaintiffs are not customers of Defendants Community
4  Federal, Choice Financial, or Currency Cloud.  Instead, Plaintiffs argue, citing *QDOS, Inc.*, that
5  Defendants "ignored red flags and suspicious circumstances related to the scammers and should
6  not have proceeded in transferring their funds without doing some investigation." ECF No. 54 at
7  6.  Plaintiffs' argument overextends the "extraordinary and specific facts" that trigger a duty on
8  behalf of banks to noncustomers.  *QDOS, Inc.*, 17 Cal. App. 5th at 1000 n.3.

9  "Courts have sorted the circumstances that constitute red flags from those that do not." *Id.*
10  at 1000.  Plaintiffs' specific circumstances—of wiring approximately $600,000 over the course of
11  several days to entities engaged in a cryptocurrency scam—are not the "red flag" circumstances
12  recognized by courts.  *See id.* (identifying red flag and non-red flag situations).

13  Plaintiffs' negligence claim fails because they have not pled that they are customers of
14  Defendants Community Federal, Choice Financial, Currency Cloud, or TransSwap, and therefore
15  have not established that these Defendants owed them a duty of care.  Although the Court has
16  serious doubts as to whether Plaintiffs will be able to sufficiently amend their complaint to state a
17  valid negligence cause of action against Defendants Community Federal, Choice Financial,
18  Currency Cloud, or TransSwap, Count XII is DISMISSED with leave to amend.

### 5. Count XIII - Breach of Contract

A claim for breach of contract in California requires a plaintiff to establish: (1) the existence of a valid contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages.  *Escamilla v. Miranda*, No. 23-CV-05033-BLF, 2024 WL 944225, at *3 (N.D. Cal. Jan. 19, 2024).  To survive a motion to dismiss, the complaint must "identify the specific provision of the contract allegedly breached by the defendant." *Id.* (citing *Progressive W. Ins. Co. v. Superior Ct.*, 135 Cal. App. 4th 263, 281 (2005)).  "Moreover, a plaintiff must allege how the defendant breached the relevant term(s) of the alleged contract." *Joe Hand Promotions, Inc. v. Bragg*, No. 13-CV-02725-BAS(KSC), 2016 WL 773223, at *3 (S.D. Cal. Feb. 29, 2016).  "Although Plaintiff need not set out the terms of the contract in detail,

11

Plaintiff must identify enough contractual terms with sufficient factual specificity to render his claim more than 'a formalistic recitation of the elements' of a breach of contract claim." *Park v. Morgan Stanley & Co.*, No. 2:11-CV-9466-ODW, 2012 WL 589653, at *3 (C.D. Cal. Feb. 22, 2012) (quoting *Iqbal*, 556 U.S. at 678).

Here, Plaintiffs fail to allege a claim for breach of contract. In their complaint, Plaintiffs allege that "[a] banking institution's account agreement creates a contractual relationship between a bank and its customer." Compl. ¶ 172. Plaintiffs then assert that "[i]mplicit in this relationship is the duty to exercise reasonable or ordinary care in the performance of the contract, thereby allowing a bank customer to sue in contract for breach of that duty." *Id.* ¶ 173. Finally, Plaintiffs allege "[t]he BSA/AML, Plaintiffs' deposit agreements with Stanford . . . , and customary banking practices establish that reasonable commercial standards in consumer banking requires Defendants to identify and investigate suspicious transactions by their customers and to intervene when that investigation yields evidence of financial exploitation or abuse." *Id.* ¶ 174. Beyond these bare assertions, however, Plaintiffs are silent regarding the contents of the contract (or contracts) they allegedly have with Stanford and the circumstances of the alleged breach. Plaintiffs fail to identify any specific contractual provisions, any alleged contractual breach, or even the specific contract or contracts at issue. That is insufficient.

Plaintiffs' breach of contract claim (Count XIII) is DISMISSED with leave to amend. Should Plaintiffs choose to amend this claim, they must, at a minimum, identify the specific contract or contracts Plaintiffs had with Defendant Stanford, identify with sufficient factual detail, the specific contractual provision allegedly breached, and describe how Stanford breached it.

### 6. Count XIV - Unjust Enrichment

All five defendants—Stanford, Mercury, Currency Cloud, Choice Financial, Community Federal—move to dismiss Plaintiffs' unjust enrichment claim. *See* ECF Nos. 27, 47, 59. For the reasons discussed below, this claim is DISMISSED with leave to amend as to Stanford and DISMISSED without leave to amend as to all other defendants.

#### a. Against Stanford

In the alternative, Plaintiffs bring a cause of action for unjust enrichment against all defendants, including Stanford. This Court, like many others, generally dismisses such claims because "unjust enrichment is not a cause of action" in California. *See Teva Pharms. USA, Inc. v. Corcept Therapeutics, Inc.*, No. 24-CV-03567-NW, 2025 WL 2637507, at *18 (N.D. Cal. Sept. 12, 2025) (quoting *De Havilland v. FX Networks, LLC*, 21 Cal. App. 5th 845, 870 (2018)). In limited circumstances, however, "the law will imply a contract (or rather, a quasi-contract), without regard to the parties' intent, in order to avoid unjust enrichment." *Isgur v. Meta Platforms, Inc.*, No. 24-CV-06559-WHO, 2026 WL 194640, at *10 (N.D. Cal. Jan. 26, 2026) (internal citation and quotation omitted). Notwithstanding that narrow allowance, Plaintiffs' unjust enrichment claim against Stanford fails.

The death knell for Plaintiffs' unjust enrichment claim against Stanford is Plaintiffs' reliance on the existence of an enforceable contract between the parties. Compl. ¶¶ 172, 173, 174. "As a matter of law, an unjust enrichment claim does not lie where the parties have an enforceable express contract." *Durrell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010). Federal Rule of Civil Procedure 8 allows a plaintiff to assert "inconsistent theories of recovery at the pleading stage . . . and even inconsistent claims alleging both the existence and the absence of an enforceable contract." *Schulz v. Cisco Webex, LLC*, No. 13-CV-04987-BLF, 2014 WL 2115168, at *5 (N.D. Cal. May 20, 2014). But "a plaintiff may not plead the existence of an enforceable contract and maintain a quasi-contract claim at the same time, unless the plaintiff has pled facts suggesting that the contract may be unenforceable or invalid." *Isgur*, 2026 WL 194640, at *10 (quoting *Jacobs v. Sustainability Partners LLC*, No. 20-CV-01981-PJH, 2020 WL 5593200, at *17 (N.D. Cal. Sept. 18, 2020)). Where, as here, a plaintiff fails to plead "facts suggesting that the contract may be unenforceable or invalid," the claim cannot stand. *Beluca Ventures LLC v. Aktiebolag*, 622 F. Supp. 3d 806 (N.D. Cal. 2022).

Therefore, Stanford's motion to dismiss Count XIV is GRANTED with leave to amend for Plaintiffs to allege facts suggesting the unenforceability or invalidity of the contract or contracts at issue. The Court notes that, to the extent Plaintiffs intend to continue with an unjust enrichment claim, it "will not stand where the claim simply mirrors other statutory or tort claims." *In re Ford*

13

*Tailgate Litig.*, No. 11-CV-2953-RS, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014), *order corrected on denial of reconsideration,* No. 11-CV-2953-RS, 2014 WL 12649204 (N.D. Cal. Apr. 15, 2014).

####### b. Against Mercury, Currency Cloud, Choice Financial, and Community Federal

Other than the narrow quasi-contractual avenue noted above, Plaintiffs cannot maintain their unjust enrichment claim against any other Defendant, including Mercury, Currency Cloud, Choice Financial, and Community Federal because, in California, "[u]njust enrichment is not a cause of action." *De Havilland*, 21 Cal. App. 5th at 870 (quoting *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011)). Plaintiffs' claims for unjust enrichment against all other Defendants except Stanford are therefore DISMISSED without leave to amend.

###### 7. Count XV - Violation of California Business & Professions Code § 17200 et seq. ("UCL")

The UCL prohibits "any unlawful, unfair[,] or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "According to the California Supreme Court, the UCL 'borrows' violations of other laws and treats them as unlawful practices independently actionable under the UCL." *Farmers Ins. Exch. v. Superior Ct.*, 2 Cal. 4th 377, 383 (1992). Here, Plaintiffs "borrow" the violations alleged in their other causes of actions as the basis of their UCL claim; they do not provide any separate bases that give rise to a UCL claim. *See* Compl. ¶¶ 192-201; *see* ECF No. 54 at 10 (stating that "violation of another law . . . is a predicate for stating a cause of action under UCL's unlawful prong"); *see also Height St. Skilled Care, LLC v. Liberty Mut. Ins. Co.*, No. 121CV01247JLTBAKBAM, 2022 WL 1665220, at *3 (E.D. Cal. May 25, 2022) ("[I]f a plaintiff fails to state a claim under the 'borrowed' law, it cannot support the UCL claim."). As discussed above, the Court has dismissed all Plaintiffs' remaining claims with leave to amend.

Accordingly, Plaintiff's UCL claim is DISMISSED with leave to amend.

### C. Service on Remaining Defendants

This case was filed on August 27, 2025. *See* ECF No. 1. As of the date of this Order, the docket reflects no evidence that the summons and complaint have been served on Defendants WTI, TranSwap, Focusyr, Visionary, Lumina, Novaventure, Yang, Lui, Lo, and Li.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Well over 90 days (indeed, nearly six months) have passed since Plaintiffs filed their complaint. Plaintiffs are therefore ORDERED TO SHOW CAUSE why these ten Defendants should not be dismissed for failure to serve. A written response to this Order to Show Cause ("OSC") is due by Friday, March 13, 2026. The Court will conduct a hearing on the OSC on Tuesday, March 24, 2026, at 10 a.m.

If Plaintiffs' written response to the OSC is accompanied by satisfactory evidence that the summons and operative complaint have been served, the OSC will be withdrawn and the March 24, 2026 hearing will be vacated.

### IV. CONCLUSION

For the forgoing reasons, Counts I, IV, VII, IX, X, XII, XIII, and XV of Plaintiffs' complaint are DISMISSED with leave to amend. Count XIV is DISMISSED with leave to amend as to Defendant Stanford only, and without leave to amend as to all other Defendants.

Any amended complaint is due within 28 days of this Order, or by March 13, 2026.

In addition, Plaintiffs are ORDERED TO SHOW CAUSE why Defendants WTI, TranSwap, Focusyr, Visionary, Lumina, Novaventure, Yang, Lui, Lo, and Li have not been served in accordance with the instructions in this Order.

/ / /

/ / /

Additionally, the Court ORDERS Plaintiffs' counsel, the Law Offices of Robert V. Cornish, Jr. PC and Keren E. Gersund, to provide a copy of this order to Plaintiffs and file an attestation to that effect no later than February 20, 2026.

**IT IS SO ORDERED.**

Dated: February 13, 2026

_____
Noël Wise
United States District Judge

## V. APPENDIX A

*Gray columns represent Defendants who have not yet been served.

| | Cause of Action | Stanford | Cmty. Fed., Choice Fin., & Currency Cloud | Mercury | WTI | Visionary, Focusyr, Lumina, & Novaventure | Yang, Lui, Lo, & Li | TranSwap |
|---|---|---|---|---|---|---|---|---|
| 1 | Violation of the Fair Credit Billing Act | X | | | | | | |
| 2 | Violation of Section 10(b) of the Securities Exchange Act of 1934 and Sec Rule 10b-5 | | | | X | X | | |
| 3 | Violation of Section 20(a) of the Exchange Act | | | | | | X | |
| 4 | Violations of Section 10(b) and Rule 10b-5 | | X | X | | | | X |
| 5 | Violation of Sections 4b and 6(c)(1) of the Community Exchange Act | | | | X | X | | |
| 6 | Violation of Section 13(b) of the Commodity Exchange Act | | | | | | X | |
| 7 | Aiding and Abetting Violations of Sections 4b and 6(c)(1) of the Commodity Exchange Act | | X | X | | | | X |
| 8 | Fraud | | | | X | X | | |
| 9 | Aiding and Abetting Fraud | | X | X | | | | X |
| 10 | Conversion/Aiding and Abetting Conversion | | | | | X | X | |
| 11 | Civil Conspiracy | | | | | X | X | |
| 12 | Negligence | | X | | | | | X |
| 13 | Breach of Contract | X | | | | | | |
| 14 | Unjust Enrichment | X | X | X | X | X | X | X |
| 15 | Violation of California Business & Professions Code § 17200 et seq. | | X | | X | X | | X |