UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>STANFORD FEDERAL CREDIT UNION, et al.,<br><br>   Defendants. | Case No. 25-cv-07241-NW<br><br>**ORDER CONDITIONALLY GRANTING MOTION BY PLAINTIFFS' COUNSEL TO WITHDRAW AS COUNSEL OF RECORD**<br><br>Re: ECF Nos. 61, 63, 68, 73, 76 |

On December 30, 2025, Plaintiffs' counsel, the Law Offices of Robert V. Cornish, Jr. PC and Keren E. Gersund ("Plaintiffs' Counsel"), filed a motion to withdraw as counsel of record. ECF No. 61.[1]  On January 13, 2026, Defendant Stanford Federal Credit Union submitted a statement of non-opposition to Plaintiffs' Counsel's motion.  ECF No. 67.  On January 27, 2026, Plaintiffs Jane and John Doe filed an *ex parte* unilateral opposition to the motion to withdraw as counsel.[2]  ECF No. 74.  Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the hearing scheduled for February 18, 2026, and CONDITIONALLY GRANTS Plaintiffs' Counsel's motion.[3]

Under this District's local rules, "[c]ounsel may not withdraw from an action until relieved

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Plaintiffs also filed two *ex parte* motions to extend time to file an opposition to the motion to withdraw.  ECF Nos. 68, 73.  Because the Court accepts Plaintiffs' opposition brief, both motions are TERMINATED as moot.

[3] Plaintiffs also filed an administrative motion to file under seal concurrently with the motion to withdraw.  ECF No. 63.  The Court GRANTS Plaintiffs motion to file under seal and ORDERS that the document filed at ECF No. 63-1 remain under seal.

by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a).[4] The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). In deciding, the court must consider factors such as the reason counsel seeks to withdraw, the possible prejudice caused to the litigants, and the extent to which withdrawal may delay resolution of the case. *Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010).

Additionally, the Local Rules mandate compliance with the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1); *see also Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Counsel must take steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving sufficient notice to the client to allow time for employment of other counsel, complying with Rule of Professional Conduct 1.16(e) (regarding the return of all client materials and property), and complying with all other applicable laws and rules. *El Hage v. U.S. Sec. Assocs., Inc.*, No. C06-7828-THE, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

Based on the record in this case, the Court finds withdrawal appropriate. California Rule of Professional Conduct 1.16 enumerates several grounds for attorney withdrawal, including where "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively" or "a continuation of the representation is likely to result in a violation of these rules or the State Bar Act." Here, Plaintiffs' Counsel states that "[t]here has been an irreconcilable breakdown in the attorney-client relationship that has made continued representation ineffective," and "forcing continued representation could lead to ethical violations." ECF No. 61 at 4. Nearly two weeks before filing the motion to withdraw, on December 16, 2025, Plaintiffs' Counsel "notified Plaintiffs of our intent to withdraw from this matter and urged them to seek new

---

[4] On February 10, 2026, Plaintiffs' Counsel filed a notice of withdrawal. ECF No. 76. The Court STRIKES this notice as improper. Per the California Rules of Professional Conduct, "[i]f permission for termination of a representation is required by the rules of a tribunal, a lawyer shall not terminate a representation before that tribunal without its permission." Rule 1.16(c) (internal asterisks removed).

United States District Court
Northern District of California

counsel." *Id.* Accordingly, Plaintiffs' Counsel complied with the requirements of Civil Local Rule 11-5(a) and the California Rules of Professional Conduct by providing reasonable advance notice to Plaintiffs.

Civil Local Rule 11-5(a) as requires notice, "reasonably in advance, . . . to all other parties who have appeared in the case." The Court finds Plaintiffs' Counsel's December 30, 2025 motion to withdraw, served electronically on all parties who have appeared, served this purpose. *See* ECF No. 61.

Additionally, this lawsuit is at an early stage, and no case management deadlines have been set. Thus, granting the motion is not likely to prejudice Plaintiffs or delay resolution of the case. *Meta Platforms, Inc. v. Judang Team LLC*, No. 25-CV-05156-TSH, 2026 WL 146023, at *2 (N.D. Cal. Jan. 20, 2026).

Plaintiffs object to counsel's withdrawal, stating that the motion "provides no specific facts demonstrating an irreparable conflict" and, at most, "a disagreement regarding settlement strategy." ECF No. 74 at 3. While a close call, and considering the declarations filed in the case, the Court finds Plaintiffs' Counsel's concerns over an "irreconcilable breakdown in the attorney-client relationship" that both impedes counsel's ability to represent Plaintiffs effectively and "could lead to ethical violations" good cause for withdrawal. ECF No. 61 at 4.

However, this District's Local Rules allow for conditional withdrawal, where a court may grant withdrawal "subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or *pro se.*" Civ. L.R. 11-5(b). The Court finds conditional withdrawal appropriate here. Therefore, Plaintiffs' Counsel's motion to withdraw is GRANTED on the condition that Plaintiffs' Counsel remain counsel of record pursuant to Civil Local Rule 11-5(b) to serve all filed documents on Plaintiffs until substitute counsel appears on Plaintiffs' behalf or until Plaintiffs appear *pro se*.

For the reasons stated above, the Court CONDITIONALLY GRANTS Plaintiffs' Counsel's motion to withdraw.

Because no substitution of counsel has been filed on Plaintiffs' behalf and Plaintiffs have not yet indicated definitively if they will appear *pro se*, the motion to withdraw is granted on the

condition that Plaintiffs' Counsel remain counsel of record to serve all filed documents on Plaintiffs' until a substitution of counsel is filed or Plaintiffs file a notice that they will appear *pro se*. See Civ. L.R. 11-5(b).  For all such documents, Plaintiffs' Counsel shall e-file proof of service within three business days of filing.

The Court ORDERS Plaintiffs to file a notice of appearance by new counsel by March 13, 2026.  If Plaintiffs elect to proceed *pro se*, they must either provide a valid physical address for service or register for electronic case filing by March 13, 2026.  Because Plaintiffs are proceeding pseudonymously, they may elect to follow Civil Local Rule 79-5 to file information under seal, if the rule's requirements for sealing are met.

If Plaintiffs elect to proceed *pro se*, they are encouraged to consult with the Legal Help Center for advice about retaining counsel and the rules for proceeding *pro se*.  *See* https://cand.uscourts.gov/pro-se-litigants/.

The Court ORDERS Plaintiffs' Counsel to provide a copy of this Order to Plaintiffs and file an attestation to that effect no later than February 20, 2026.

**IT IS SO ORDERED.**

Dated: February 13, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California