United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, et al.,<br>Plaintiffs,<br>v.<br>STANFORD FEDERAL CREDIT UNION, et al.,<br>Defendants. | Case No. 25-cv-07241-NW<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 91, 95, 103 |

Plaintiffs John Doe and Jane Doe allege that certain financial institutions and individuals conspired to defraud Plaintiffs of nearly $570,000 through a cryptocurrency scam. Pending before the Court are three motions to dismiss Plaintiffs' first amended complaint ("FAC") filed by Defendants Choice Financial Group ("CFG") and Mercury Advisory LLC (ECF No. 91); Community Federal Savings Bank ("CFSB") and The Currency Cloud (ECF No. 95); and Stanford Federal Credit Union ("SFCU") (ECF No. 103). *See* ECF No. 89 (FAC).[1]

Defendants' motions to dismiss are GRANTED.

## I. BACKGROUND

### A. Allegations in the FAC[2]

Plaintiffs, a married couple, allege that they are victims of a cryptocurrency fraud. Their story begins when Plaintiffs received a Facebook advertisement to join an "investment school" run by an entity called the "Wealth Trading Institute." After using the platform successfully, Plaintiffs

---

[1] Other than the complaint, record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] All allegations are taken from the FAC and are taken as true for purposes of this Order.

were directed to wire from their SFCU and EverBank accounts approximately $570,000 over the course of just a few days to entities named "Focusyr," "Visionary," "Lumina," and "Novaventure." Plaintiffs initiated seven transactions over the course of four days (July 30, 2024 through August 2, 2024). On August 2, 2024, "Plaintiffs communicated with SFCU through its website messaging system regarding [one of the wire] transfer[s] and asked that it be processed promptly, stating that the prior wire had taken approximately 24 hours and that Plaintiffs 'would appreciate the prompt processing of this wire.'" FAC ¶ 58.

These four entities turned out to be fraudulent.

According to the complaint, the fraudulent entities maintained bank accounts at Defendants CFSB and CFG. Defendant CFSB transferred Plaintiffs' wired funds to Defendant Currency Cloud, which then transferred the funds to Defendant TranSwap. Defendant CFG transferred Plaintiffs' wired funds to Defendant Mercury Advisory.

Upon learning of the crypto scam, on August 5, 2024, Plaintiffs notified SFCU that two of their $200,000 wire transfers were fraudulent and requested immediate recall. On August 7-8, 2024, SFCU informed Plaintiffs that it was communicating with its risk team and the recipient institutions. Plaintiffs also notified the recipient banks of the fraud and requested return of their funds.

The gravamen of Plaintiffs' complaint is that the recipient banks engaged in unlawful conduct by processing the Plaintiffs' requested wire transactions to fraudulent entities, and SFCU failed to reasonably investigate Plaintiffs' fraud allegations. *Id.* ¶¶ 7-8.

**B. Procedural History**

On August 27, 2025, Plaintiffs—then represented by counsel—filed a complaint against sixteen defendants: SFCU; EverBank, N.A.;[3] CFSB; CFG; Currency Cloud; TranSwap Technologies (UK) Ltd ("TranSwap");[4] Mercury Advisory; Wealth Tutor Institute; Beach Focusyr

[3] On November 13, 2025, Plaintiffs filed a notice voluntarily dismissing all claims against Defendant EverBank without prejudice. ECF No. 32.

[4] To date, only Defendants SFCU, Mercury Advisory, Currency Cloud, CFG, CFSB, and EverBank have been served. ECF Nos. 11, 12, 13, 14, 15, 16. TranSwap Technologies has not

Inc. ("Focusyr"); Tengfei Yang; Visionary Solutions Holdings Limited ("Visionary"); Hui Fung Lui; Lumina Solutions Holdings, Ltd ("Lumina"); Lok Him Lo; Novaventure Stone Ltd ("Novaventure"); and Jianhao Li (collectively, "Defendants"). ECF No. 1 (Compl.).

Plaintiffs asserted fifteen claims: (1) Violation of the Fair Credit Billing Act, (2) Violation of Section 10(b) of the Securities Exchange Act of 1934 and Sec Rule 10b-5, (3) Violation of Section 20(a) of the Securities Exchange Act, (4) Violations of Section 10(b) and Rule 10b-5 of the Securities Exchange Act, (5) Violation of Sections 4b and 6(c)(1) of the Community Exchange Act, (6) Violation of Section 13(b) of the Commodity Exchange Act, (7) Aiding and Abetting Violations of Sections 4b and 6(c)(1) of the Commodity Exchange Act, (8) Fraud, (9) Aiding and Abetting Fraud, (10) Conversion/Aiding and Abetting Conversion, (11) Civil Conspiracy, (12) Negligence, (13) Breach of Contract, (14) Unjust Enrichment, and (15) California Business & Professions Code § 17200 *et seq.* Compl. ¶¶ 85–201; *see also* ECF No. 82, App'x.

SFCU, CFSB, CFG, Currency Cloud, and Mercury Advisory —the only Defendants that had been served—moved to dismiss. ECF Nos. 27, 47, 59. The Court dismissed the first, fourth, seventh, ninth, tenth, twelfth, thirteenth, and fifteenth claims with leave to amend, and dismissed the fourteenth claim with leave to amend only as to Stanford and without leave to amend as to all other Defendants. ECF No. 82 at 6–14.

Plaintiffs, now proceeding *pro se*,[5] filed their FAC on April 10, 2026. In the FAC, Plaintiffs assert eight claims against six Defendants (SFCU, CFSB, Currency Cloud, CFG, Mercury Advisory, TranSwap):

1. **Count I** – Violation of the Fair Credit Billing Act against SFCU;
2. **Count II** – Violation of California Commercial Code §§ 11202—11204 and Article 4A against SFCU;
3. **Count III** – Breach of Contract against SFCU;
4. **Count IV** – Declaratory Relief against SFCU;

---

been served. ECF No. 125.

[5] Plaintiffs' counsel was permitted to withdraw on February 13, 2026. ECF No. 83.

5. **Count V** – California Business & Professions Code § 17200 et seq. against all Defendants;

6. **Count VI** – Conversion against CFSB;

7. **Count VII** – Aiding and Abetting Fraud against CFSB, Currency Cloud, CFG, Mercury Advisory, and TranSwap Technologies (UK) Ltd.; and

8. **Count VIII** – Negligence against CFSB, Currency Cloud, CFG, Mercury Advisory, and TranSwap Technologies (UK) Ltd.

Defendants now move to dismiss Plaintiffs' FAC. ECF Nos. 91, 95, 103. The motions are fully briefed. ECF Nos. 109, 114, 117, 119, 122.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain at minimum "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8. The complaint must clearly establish the claims and parties such that a defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131–32 (9th Cir. 2008).

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[ ] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory, or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

## III. DISCUSSION

The Court addresses the arguments raised by each group of Defendants in their respective motions to dismiss.

### A. SFCU's Motion to Dismiss

SFCU moves to dismiss the five claims Plaintiffs assert against it: violation of the Fair Credit Billing Act (Count 1); violation of California Commercial Code §§ 11202—11204 and Article 4A (Count 2); breach of contract (Count 3); declaratory relief (Count 4); and violation of California Business & Professions Code § 17200 et seq. ("UCL") (Count 5). ECF No. 103. For the reasons set forth below, SFCU's motion to dismiss is GRANTED without leave to amend.

#### 1. Count I – Violation of the Fair Credit Billing Act

Plaintiffs allege that SFCU failed to send written acknowledgement of Plaintiffs' notice disputing the transfers as required under the Fair Credit Billing Act ("FCBA"). FAC ¶¶ 154-161. SFCU moves to dismiss on the grounds that Plaintiffs' FCBA claim is time barred.

The Court agrees. The FCBA requires that claims be brought within one year from the date of the alleged violation. 15 U.S.C. § 1640(e). Plaintiffs allege that the violation stems from Plaintiff's August 5, 2024 notification, yet, Plaintiffs did not initiate this case until August 27, 2025, more than a year later. Plaintiffs do not contest the statute of limitations argument in their opposition to SFCU's motion to dismiss.[6] ECF No. 119.

Plaintiffs' Count 1 is dismissed.

#### 2. Count II – Violation of California Commercial Code §§ 11202—11204 and Article 4A

Plaintiffs bring a claim under Division 11 of the California Commercial Code, seeking a refund of their transferred funds. FAC ¶ 188. To state a claim under Division 11, Plaintiffs must plausibly allege that the transfer was "not authorized and not effective as the order of the customer." Cal. Com. Code § 11204(b)(i). Plaintiffs have not done so here. Plaintiffs not only authorized the transfer orders, but they requested that the transfers be expedited. FAC ¶ 58; *Liu v. Bank of Am., N.A.*, No. 24-CV-07400-HSG, 2026 WL 2255456, at *5 (N.D. Cal. Aug. 5, 2026) (dismissing plaintiffs' claims under Division 11 where plaintiffs had initiated wire transfers that

[6] Plaintiffs additionally did not oppose SFCU's argument that the FCBA is not the appropriate governing law for a wire transfer dispute, which would be a separate ground for granting dismissal if the statute of limitations had not already run. ECF No. 119.

United States District Court
Northern District of California

eventually were identified as fraudulent). In opposition, Plaintiffs do not address the authorization issue and instead reference facts and arguments that were not raised by Defendants. ECF No. 119 at 8.

Plaintiffs' Count 2 is dismissed.

**3. Count III – Breach of Contract; Count V – Violation of the UCL**

Plaintiff brings two additional California law claims against SFCU, breach of contract and violation of the UCL. "[T]he California Supreme Court has held that given its detailed regulatory structure, Division 11 displaces or "preempts" common law causes of action involving funds transfers in two specific circumstances: '(1) where the common law claims would create rights, duties, or liabilities inconsistent with division 11; and (2) where the circumstances giving rise to the common law claims are specifically covered by the provisions of division 11.'" *Liu*, 2026 WL 2255456, at *5-6 (quoting *Zengen, Inc. v. ComericaBank*, 41 Cal. 4th 239, 253 (2007)) (applying Division 11 preemption "equally to common law and statutory claims," such as the UCL). Here, Plaintiffs' claims all stem from the same underlying facts regarding the wire transfers, such that the "circumstances giving rise" to Plaintiffs' state claims are covered by Division 11. "Where the "gravamen" of a claim at common law is the same as the subject matter specifically covered by [Division 11], [Division 11] controls." *Forefront Telecare Inc. v. Bank of Am., N.A.*, No. 19-CV-03866-SK, 2019 WL 13201988, at *3 (N.D. Cal. Aug. 21, 2019). Accordingly, the Court finds that Plaintiffs' breach of contract and UCL claims are preempted.

Plaintiffs' Counts 3 and 5 as to SFCU are dismissed.

**4. Count IV – Declaratory Relief**

Plaintiffs do not assert an independent cause of action along with their request for declaratory relief. FAC ¶¶ 186-190. To the extent Plaintiffs seek declaratory relief related to their breach of contract claim, that relief is duplicative; determination of Plaintiffs' breach of contract claim would have resolved any need for declaratory relief. *Diversified Cap. Invs., Inc. v. Sprint Commc'ns, Inc.*, No. 15-CV-03796-HSG, 2016 WL 2988864, at *9 (N.D. Cal. May 24, 2016) (dismissing declaratory relief claim where "plainly duplicative" of the breach of contract claim).

Plaintiffs' Count 4 is dismissed.

United States District Court
Northern District of California

### B. CFSB and Currency Cloud's Motion to Dismiss

The Court turns to CFSB and Currency Cloud's motion. CFSB and Currency Cloud move to dismiss the four claims Plaintiffs assert against them: violation of California Business & Professions Code § 17200 et seq. (Count 5); conversion (Count 6); aiding and abetting fraud (Count 7); and negligence (Count 8). ECF No. 95. As explained below, CFSB and Currency Cloud's motion to dismiss is GRANTED without leave to amend.

#### 1. Count V – Violation of the UCL; Count VI – Conversion; Count VIII – Negligence

For the reasons stated above, *see supra* Section A.3, Plaintiffs' UCL, conversion, and negligence claims brought against CFSB and Currency Cloud are similarly preempted by Division 11 of the Commercial Code. For each claim against each Defendant, the "gravamen" is that the Defendants should not have accepted and executed upon Plaintiffs' transfers, and accordingly Defendants must reimburse Plaintiffs. *Forefront Telecare Inc*, 2019 WL 13201988, at *3. These allegations fall squarely under the purview of Division 11, and therefore, Division 11 controls and preempts these claims.

Plaintiffs' Count 6 is dismissed, and Plaintiffs' Counts 5 and 8 are dismissed as to CFSB and Currency Cloud.

#### 2. Count VII – Aiding and Abetting Fraud

Plaintiffs assert that CFSB and Currency Cloud aided and abetted the fraudulent activity. FAC ¶¶ 211-244. Plaintiffs have failed to plead a foundational element of aiding and abetting fraud, namely, that Defendants knew of the fraudulent activity.

"Under California law, banks generally owe no duty to non-customers like Plaintiffs." *Evans v. ZB, N.A.*, 779 F. App'x 443, 444 (9th Cir. 2019) (citing *Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138, 1149 (2005)). "However, California law recognizes an exception: when a bank knows a customer is perpetrating fraud, it may not assist the customer accomplish the tort." *Evans,* 779 F. App'x at 444 (citation omitted). "In order to plead a claim for aiding and abetting fraud, [Plaintiffs] must plead facts that make it plausible that defendants either '(a) [knew] the other's conduct constitute[d] a breach of duty and [gave] substantial assistance or encouragement

to the other to so act or (b) [gave] substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitute[d] a breach of duty to the third person.'" *Bradshaw v. SLM Corp.*, 652 F. App'x 593, 594 (9th Cir. 2016) (quoting *Casey*, 127 Cal. App. 4th at 1144). Here, Plaintiffs appear to be proceeding under the first avenue and are attempting to allege that CFSB and Currency Cloud knew that the scammers conduct constituted a breach of duty, and the Defendants gave substantial assistance to the scammers to accomplish the alleged fraud. *See, e.g.,* FAC ¶ 240.

This Court previously found that Plaintiffs did not plead with particularly that Defendants, individually and specifically, knew of the alleged cryptocurrency scheme and gave substantial assistance to the fraudulent entities to accomplish that scheme. *See* ECF No. 82. Plaintiffs now fail to cure those deficiencies in the FAC. Plaintiffs do not plead any facts to demonstrate CFSB and Currency Cloud's knowledge of the scam, let alone specifying the "who, what, when, where, and how" of Defendants' alleged misconduct. *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir.2003). Plaintiffs' Count 7 is dismissed is dismissed as to CFSB and Currency Cloud.

**C. CFG and Mercury Advisory's Motion to Dismiss**

The Court turns to the third and final motion to dismiss. CFG and Mercury Advisory move to dismiss the three claims Plaintiffs assert against them: violation of the UCL (Count 5); aiding and abetting fraud (Count 7); and negligence (Count 8). ECF No. 91. As explained below, CFG and Mercury Advisory's motion to dismiss is GRANTED without leave to amend.

**1. Count V – Violation of the UCL; Count VIII – Negligence**

For the reasons stated above, *see supra* Section A.3, Plaintiffs' UCL and negligence claims against CFG and Mercury Advisory are also preempted by Division 11 of the Commercial Code.

Plaintiffs' Counts 5 and 8 against CFG and Mercury Advisory are dismissed.

**2. Count VII – Aiding and Abetting Fraud**

Similar to Plaintiffs' allegations against CFSB and Currency Cloud, Plaintiffs' have failed to state a claim for aiding and abetting fraud against CFG and Mercury Advisory. Plaintiffs have not stated with particularity that CFG and Mercury Advisory had knowledge of the fraudulent

scheme. *Evans,* 779 F. App'x at 444.

Plaintiffs' Count 7 against CFG and Mercury Advisory is dismissed.

### D. Service on Remaining Defendants

This case was filed on August 27, 2025. *See* ECF No. 1. As of the date of this Order, the docket reflects no evidence that the summons and complaint have been served on Defendant TranSwap Technologies. ECF No. 125. While Plaintiffs explain that they have "undertaken substantial efforts to serve" TranSwap, a foreign defendant, still, over a year has passed since Plaintiffs filed their complaint. ECF No. 87. With a single exception, filed a year after initiating this case, Plaintiffs have failed to regularly inform the Court of any efforts they have made to serve TranSwap, and have not asked for this Court's assistance as to potential service alternatives. Given that with this Order, all Plaintiffs' claims against all Defendants are dismissed without leave to amend, the Court will not grant Plaintiffs further extensions of time to serve TranSwap.

Plaintiffs' claims against TranSwap and any Doe Defendants are dismissed without prejudice. Plaintiffs' motion for alternate service is terminated as moot. ECF No. 125.

## IV. CONCLUSION

Defendants' motions to dismiss are GRANTED. ECF Nos. 91, 95, 103. The Court previously granted Plaintiffs an opportunity to amend their complaint. Because Plaintiffs were unable to correct the deficiencies, Plaintiffs' claims against SFCU, CFSB, CFG, Currency Cloud, and Mercury Advisory are now dismissed without leave to amend.

The Clerk of Court shall enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: October 14, 2026

Noël Wise
United States District Judge